# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK LUNTZ, | Civil No. 3:23-cv-739 |
| Plaintiff | (Judge Mariani) |
| v. | |
| KATY HILEMAN, MONICA GOSS, CAPTAIN SMITH, LIEUTENANT EBAUGH, | |
| Defendants | |

## MEMORANDUM

Plaintiff Derek Luntz ("Luntz"), a former inmate[1] housed at the Adams County Correctional Facility, in Gettysburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Warden Katy Hileman, Administrative Assistant Monica Goss, Captain Smith, and Lieutenant Ebaugh. Presently before the Court is Defendants' Rule 12(b) motion (Doc. 15) to dismiss. For the reasons set forth below, the Court will grant the motion.

## I.    Allegations of the Complaint

Luntz alleges that he was placed on the disciplinary unit from March 8, 2023 through March 22, 2023. (Doc. 1, p. 4). He asserts that, in early March of 2023, Defendant Smith went to his housing unit and spoke to him about a pending lawsuit and internal investigation.

---

[1] Luntz has been released from custody. (See Doc. 17).

(*Id.*). Luntz allegedly reported that an officer "talked about doing something to the kitchen food", and that his cellmate assaulted him and "did something to [his] toothbrush." (*Id.*). He alleges that his commissary was taken away, "somebody" removed communication privileges from his tablet, officers talked about poisoning trays with cleaning chemicals, officers threatened to place him on suicide watch for refusing to eat, and fellow inmates made false reports about him. (*Id.* at pp. 4-6). Luntz allegedly spoke to Defendant Ebaugh about being placed on the disciplinary unit. (*Id.* at p. 4). Luntz "believe[s]" that prison staff sent this information to the sentencing judge in his criminal case. (*Id.* at p. 5).

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15). The motion is fully briefed and ripe for resolution.

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Federal Rule of Civil Procedure 10(b)

Defendants argue that Luntz should be compelled to file an amended complaint due to his violation of Federal Rule of Civil Procedure 10(b), which requires plaintiffs to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b); (*see also* Doc. 16, pp. 8-9). In reviewing Luntz's complaint, he fails to adhere to Rule 10(b)—he does not present his claims in numbered paragraphs, or even paragraphs at all. However, in light of Luntz's *pro se* status, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), and the fact that Defendants have successfully read through the complaint and filed the pending motion seeking to dismiss the claims, the Court will not direct him to file an amended complaint on the basis of a Rule 10(b) violation. As such, the Court will address Defendants' remaining arguments in support of their motion to dismiss.

4

## B. Failure to State a Claim

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017). An Eighth Amendment claim includes both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective prong, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298). However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298.

In order to succeed on a claim as to one's conditions of confinement, a plaintiff must establish that: "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to his health and safety, and (3) the defendant-official's deliberate indifference caused him harm." *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2015). "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, conditions of imprisonment violate the Eighth Amendment only if they, "alone or in combination . . . deprive inmates of the minimal civilized measures of life's necessities." *See id.* at 347. Such necessities include "adequate food, clothing, shelter, and medical

care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (quoting *Wilson*, 501 U.S. at 304 and *Rhodes*, 452 U.S. at 347).

Luntz fails to establish that the conditions at the Adams County Correctional Facility amount to unconstitutional punishment. Luntz merely alleges that, while housed on the disciplinary unit, an officer talked about tampering with food, his cellmate did something to his toothbrush, his commissary was taken away, and he had limited access on his tablet. Luntz fails to identify a sufficiently serious deprivation that rises to the level of an Eighth Amendment violation. *See, e.g.*, *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 468 (M.D. Pa. 2010) (holding that inmate's allegation, that as a special management unit inmate, he was not given the same commissary privileges as a general population inmate, did not rise to the level of a sufficiently serious constitutional deprivation). His conclusory allegations are insufficient to state a plausible claim for relief. The Court will dismiss the Eighth Amendment claim.

### C. Claims against Defendants Hileman and Goss

In order to state an actionable civil rights claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

7

After reviewing the complaint, other than being named as Defendants, there are no factual averments relating to Defendants Hileman and Goss in the body of the complaint. (*See* Doc. 1). Luntz fails to identify the particular conduct of these Defendants that allegedly violated his rights. There are no allegations that these Defendants participated in, directed, or knew of and acquiesced in any constitutional violations. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief against Defendants Hileman and Goss. *Hudson v. City of McKeesport*, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

Additionally, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207. Any attempt by Luntz to hold Defendants Hileman and Goss liable for the actions of their subordinates is essentially an assertion of respondeat superior liability which seeks to hold them liable based on their supervisory roles. This ground of constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207.

The Court finds that Luntz's complaint fails to contain any allegations identifying how Defendants Hileman and Goss were personally involved in the alleged constitutional deprivations. Accordingly, Defendants' motion to dismiss will be granted on this ground.

### D. Qualified Immunity

Even if Luntz had stated colorable constitutional claims, Defendants, in their individual capacities, are entitled to qualified immunity from these claims for damages. In order to establish a civil rights claim, Luntz must show the deprivation of a right secured by the United States Constitution or the laws of the United States. However, government officials performing "discretionary functions," are insulated from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—t[h]e need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) (citing *Pearson*, 555 U.S. at 244).

9

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two *Saucier* prongs should be addressed first). As stated, the Court finds that Luntz failed to set forth any cognizable claims against Defendants and failed to establish the violation of a constitutional right. Therefore, Defendants are protected from liability by qualified immunity.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Here, the flaws in Luntz's claims are both legal and factual and thus incurable; for this reason, the Court concludes that curative amendment would be a futile endeavor.

## V. Conclusion

The Court will grant Defendants' motion (Doc. 15) to dismiss. A separate Order shall issue.

                                                             Robert D. Mariani
                                                             United States District Judge

Dated: December 6, 2023